[Civ. No. 17774.    Second Dist., Div. Three.    Feb. 5, 1951.]

DOWNEY PLUMBING COMPANY, INC. (a Corporation), Respondent, v. SECREST CONSTRUCTION COMPANY (a Corporation), Appellant.

Harold Richardson for Appellant.

Frank C. Nimocks for Respondent.

VALLÉE, J.—Appeal by defendant from an adverse judgment in an action to recover the balance alleged to be due on contracts for services and materials. Defendant also appealed from an order denying its motion for a new trial. The latter order is nonappealable and the appeal therefrom will be dismissed.

Plaintiff and defendant entered into an oral contract by which plaintiff agreed to install the plumbing in 18 houses under construction by defendant at $810.25 a house. The plumbing was installed as agreed. The controversy is as to whether floor furnaces were included in the plumbing con-

tract. Plaintiff alleged, and the court found, that the parties entered into one contract covering the installation of the plumbing which did not include the floor furnaces and a separate oral contract covering installation of the floor furnaces.

■ Defendant contends that the evidence is insufficient to support the finding that the floor furnaces were not included in the plumbing contract. Plaintiff first bid $960 a house, including all plumbing and heating according to plans and specifications. Defendant's representative told plaintiff's representative that the bid was too high and that if he wished to submit another bid to cut it to "necessities for a bare plumbing job." Plaintiff submitted another bid of $810.25 in writing which covered plumbing only. Thereafter defendant prepared a written purchase order from plaintiff's second bid and submitted it to plaintiff. Neither plaintiff's bid nor the purchase order contained any reference to floor furnaces. Later, after conversations between representatives of plaintiff and representatives of defendant, the former began installation of the floor furnaces.

Plaintiff billed defendant as follows: "FOR 18 Furnaces @ $125.00 installed.......$2250.00  75% of $2250.00....... $1687.50. First Payment on Heating $1687.50." The bill was paid. Later plaintiff billed defendant for the balance due on the floor furnaces together with the balance due for installing the plumbing. There was evidence that in the trade there is a distinction between "plumbing" and "heating"; that the terms are not synonymous; and that one does not include the other.

Defendant argues that the court erred in not accepting the testimony of three of its witnesses as to the terms of the oral contract, which testimony it claims was not impeached or contradicted. One of these witnesses, qualified as an expert, testified that the reasonable value of material and labor for installing the plumbing and floor furnaces was $850.50, from which fact, so defendant claims, it must have been inferred that the floor furnaces were included in plaintiff's bid of $810.25. Another of these witnesses, Mr. Young, testified that he was defendant's superintendent in the construction of the houses; that he had a conversation with Mr. Campbell, plaintiff's representative, on the day construction began, in which he asked Campbell for the heater-opening sizes so that he could proceed with the subflooring, and that

Campbell said he would be back with them the next day; that he received the heater sizes the next day; and that later Campbell told him the "heater-opening sizes" would have to be changed, and gave him another figure. This witness also testified that prior to the time plaintiff installed the floor furnaces he asked Campbell "on several occasions when they [the floor furnaces] were coming and he told me not to get in such a hurry," that defendant did not have them on the purchase requisition; that he told Campbell "he had better get that thing straightened out." Campbell's testimony was to the effect that he gave Young only one set of standard measurements for floor furnaces and that he told Young at the time that the furnaces were not in the contract. The third of these witnesses, Mr. Whitney, estimator for defendant, testified that while construction was in progress he had a conversation with Campbell in which the latter "ribbed" him "because of the fact that we left the heaters out in writing the order"; that Campbell said "if Mr. Alexander [president of plaintiff] had wished to, he would not have to put the heaters in" and "Q. What else was said? A. I said, 'Well, that would be a heck of a way to do business.' He said, 'It would be, but we are going to put them in.' " Campbell testified that the only conversation he had with Whitney was to tell him that "the question of furnaces had arisen and I [Campbell] had checked our purchase order; that our purchase order did not call for furnaces." The testimony of these witnesses merely created a conflict for the trial judge to resolve. The contention that the evidence is insufficient to support the finding that the floor furnaces were not included in the plumbing contract cannot be sustained.

Defendant pleaded a counterclaim in which it was alleged that after the work was completed, defendant discovered "latent defects" in plaintiff's installation. The court, erroneously we think, sustained objections to questions propounded by defendant in an effort to prove the allegations of the counterclaim. Error is assigned. Defendant waived the error. At a later stage in the trial its counsel stated to the court, "We will abandon the counter-claim, if the Court please."

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.